IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JANE DOE**, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:03-CV-0745-L | |
| § | | |
| **AMERICAN AIRLINES, INC.**, § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Transfer Venue for the Convenience of Parties and Witnesses, filed April 15, 2005. After careful consideration of the motion, briefs, response, Plaintiff's appendix, reply, record, and applicable authorities, the court **denies** Defendant's Motion to Transfer Venue for the Convenience of Parties and Witnesses.

**I. Background**

Plaintiff Jane Doe ("Plaintiff" or "Doe") filed this action against American Airlines, Inc., ("Defendant" or "American") on April 11, 2003. She contends that Defendant discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, by refusing her request for a reasonable accommodation and by retaliating against her for complaining about Defendant's alleged disability discrimination. Defendant contends that it did not discriminate against Plaintiff in any way, that Plaintiff was not disabled, that Plaintiff never requested an accommodation, and that Plaintiff was discharged for insubordination, a legitimate, non-discriminatory reason.

American seeks to have this action transferred to the Fort Worth Division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses in this case, and in the interest of justice. Specifically, American requests that this case be transferred to the Fort Worth Division because:

> 1) the vast majority of witnesses, including key witnesses, work and reside in the Fort Worth Division; 2) American's worldwide corporate headquarters are in the Fort Worth Division; 3) the allegedly retaliatory actions pertaining to Plaintiff's termination all occurred in the Fort Worth Division; 4) American located, formulated, and implemented its policies in the Fort Worth Division; 5) access to sources of proof, such as employment and business records, are all located in the Fort Worth Division [. . . ;] 6) American's Human Resources Department and Medical Department are in the Fort Worth Division[;] 7) counsel for both Plaintiff and Defendant are located in the Fort Worth Division and as such, transfer would make it substantially more convenient for the parties to litigate this case; [and] 8) [American's Dallas, Texas Reservations Office] has been closed and the employee[s] who worked there have all been laid off or moved to other cities.

Defendant's Motion to Transfer at 2 (footnote omitted). American believes that these factors, collectively, warrant a transfer to the Fort Worth Division.

Doe opposes the request for transfer and contends that a transfer is not warranted under § 1404(a) because it is not for the convenience of the parties and witnesses, and not in the interest of justice. Doe's specific argument is that the case should remain in Dallas, Texas because American's headquarters are closer to the federal courthouse in Dallas than the one in Fort Worth; Doe worked for American in Dallas, Texas, not in Fort Worth, Texas; and Plaintiff suffered instances of discrimination in Dallas, Texas where she worked. Doe therefore contends that a transfer to the Fort Worth Division would not be for the convenience of the parties and witnesses, and not in the interest of justice.

**Memorandum Opinion and Order - Page 2**

## II. **Applicable Standard for a Section 1404(a) Transfer**

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)). Once this initial determination is made, a district court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).

Both parties acknowledge that the events giving rise to this lawsuit occurred in the Northern District of Texas, which encompasses the Forth Worth and Dallas Divisions, as well as five other divisions. *See* 28 U.S.C. § 124(a)(1)-(7). It is without cavil that venue is appropriate in this *judicial district*, the Northern District of Texas. Moreover, the parties do not dispute that the Fort Worth Division is a *division* in which Plaintiff's action or claims could have been brought originally;

**Memorandum Opinion and Order - Page 3**

indeed, it would be fatuous to contend otherwise. The question that must be resolved is whether an intradistrict transfer should occur from the Dallas Division to the Fort Worth Division.[1]

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "'All relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)). The moving party bears the burden of demonstrating that a change of venue is warranted. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Carlile v. Continental Airlines, Inc.*, 953 F.Supp. 169, 170 (S.D. Tex. 1997).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.*, 85 F.Supp.2d 663, 667 (S.D. Tex. 1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative."[2] *In re Horseshoe Entm't*, 337 F.3d at 434. Having determined that this action could have been originally filed in the Fort Worth Division, the court now considers the eight factors to determine whether it should be transferred to that division.[3]

---

[1] The Dallas Division consists of the counties of Dallas, Ellis, Hunt, Johnson, Kaufman, Navarro, and Rockwall. The Fort Worth Division consists of the counties of Comanche, Erath, Hood, Jack, Palo Pinto, Parker, Tarrant, and Wise. 28 U.S.C. § 124(a)(1), (2).

[2] In the final analysis, this factor had no impact on the court's determination whether to transfer the action to the Fort Worth Division.

[3] American lists "location of counsel" as one of the factors that the court should consider. This factor is irrelevant and is *not* to be considered at all in determining whether a transfer of venue is appropriate. *In Re Horseshoe Entm't*, 337 F.3d at 434.

**Memorandum Opinion and Order - Page 4**

### III. Consideration of the Eight Factors

#### A. Relative Ease of Access to Sources of Proof

In this regard, American sets forth evidence that "virtually all of the tangible evidence is located in the Fort Worth Division" at its headquarters. This includes American's employment and business records, and, of course, would necessarily include records relating to the terms and conditions of Doe's employment and her subsequent discharge. The court accepts this as true, as nothing submitted by Doe contradicts it or shows otherwise. The common practice in litigation is that one side produces the documents by copying them, sending them to the other side, and in cases where the production may be voluminous, a party is often given an opportunity to inspect the records and specify which documents the viewing party wants. Nothing, however, indicates that the documents are voluminous in nature or that this approach has been used in this case. Whether this case is tried in Dallas or Fort Worth, the costs associated with locating, copying, and sending the documents is the same or essentially the same. Moreover, the use of technology communication has, in many instances, reduced the importance of this factor. In any event, American does not set forth a sufficient factual basis why the access to sources of proof favors a transfer to the Fort Worth Division. Accordingly, this factor weighs against transfer.

#### B. Availability of Compulsory Process to Secure the Attendance of Witnesses

According to the evidence submitted by American, the majority of witnesses who will testify at trial reside or work in Tarrant County. None of the witnesses, however, lives outside the Northern District of Texas, except Doe, who is also a party. Since the vast majority of witnesses resides within the Northern District of Texas and within 100 miles of either court, they, of course, are all equally subject to the subpoena process, if necessary, *see* Fed. R. Civ. P. 45(b)(2), whether the trial

**Memorandum Opinion and Order - Page 5**

is held in Fort Worth or Dallas. This factor therefore does not favor transfer to the Fort Worth Division.

### C. Costs of Attendance for Willing Witnesses

American contends that "since the majority of witnesses live or work in Tarrant County, the costs of attendance for the potential witnesses would be unnecessarily inflated if this case were tried in Dallas County." This, however, does not tell the whole story. Some of these witnesses still work for American Airlines, and would be at work during the trial of this matter, as trials are held during regular business hours. The parties do not dispute that American's corporate headquarters is slightly less than four miles closer to the Dallas federal courthouse than it is to the Fort Worth federal courthouse, and most, if not all, of the witnesses would be called to testify while they are at work at American.[4] Given that the Dallas courthouse is closer to American's headquarters, this would, in all probability, cause such witness to expend less time traveling and encounter less inconvenience, although neither would be substantial. American has not established that this factor weighs in its favor.

### D. Practical Problems that Make the Trial of the Case Easy, Expeditious and Inexpensive

This factor is not addressed per se by the parties. It is clear from the record that the witnesses and parties would, in all probability, incur less expense and inconvenience, although slight, because they would have to travel fewer miles if the case were tried at the Dallas federal courthouse. In the strictest sense, this factor does not favor a transfer to the Fort Worth Division.

---

[4] For those witnesses who may no longer be employed by American, the court does not know the addresses of their places of employment or their home addresses, as American did not provide this information; thus, the court cannot consider the impact of a transfer on any witness who falls into this category.

**Memorandum Opinion and Order - Page 6**

### E. Administrative Difficulties Flowing from Court Congestion

American states that the Dallas Division has eight active full-time judges who manage approximately 2120 civil cases and that the Fort Worth Division has two full-time judges who manage a caseload comparable to the judges in Dallas. Doe does not address this factor. This court knows the number of cases each judge had as of July 31, 2005 in the Dallas and Fort Worth divisions; however, the number of cases does not tell the whole story, as the statistics do not provide any information regarding the complexity of the cases or the matters set for trial on the judges' dockets. The court is unable to assess whether any administrative difficulties would flow from court congestion, if any, in the Fort Worth Division. This court, however, can state unequivocally that no congestion will occur on this court's docket if the case remained in Dallas. The court therefore determines that this factor weighs against transfer to the Fort Worth Division.

### F. Local Interest in Having Local Interests Decided at Home

The location of the alleged wrong (disability discrimination) giving rise to this action clearly occurred in Dallas, at least initially. American maintains, however, that Doe's retaliation claim is the main thrust of her cause of action and that since the allegedly retaliatory decision to terminate her was made in Fort Worth by a person who works or lives there, the action should be transferred to Fort Worth. For these reasons, according to American, this factor favors a transfer to the Fort Worth Division. The court finds this argument unavailing. Generally, there is a preference to try matters where the alleged injury occurred. Local interest would thus favor a trial in the Dallas Division. That American has closed its reservations office in Dallas is really of no moment. The alleged injury suffered by Plaintiff occurred in Dallas. To say that the alleged retaliation took place in Fort Worth misses the mark and results in the unnecessary splitting of hairs. The events related

**Memorandum Opinion and Order - Page 7**

to the allegedly discriminatory conduct sprang from Doe's employment in Dallas, Texas. Citizens of the Dallas Division would have more of an interest in deciding claims that allegedly occurred in this division. This factor weighs against a transfer to the Fort Worth Division

### G.  Familiarity of the Forum with the Law that Will Govern the Case

This factor is neutral, as the same law would apply whether this case is tried in the Dallas or Fort Worth Division. The courts in both divisions are equally capable of applying the applicable law. This factor is of no moment, and the court determines that it neither favors nor disfavors a transfer.

### H.  Avoidance of Unnecessary Problems of Conflict of Laws of the Application of Foreign Law

There is no conflict of laws issue in this case. This factor is therefore not applicable to the transfer issue, and it has no impact on the court's decision whether the case should be transferred.

## IV.  Conclusion

As is evident by the court's analysis of the relevant factors, six factors do not favor a transfer to the Fort Worth Division; and two factors are neutral. Under these circumstances, the court determines that American has not met its burden to establish that a transfer to the Fort Worth Division is warranted.

The court simply does not understand how the witnesses and parties are going to be inconvenienced in any material way. According to Maps.com, the distance between the federal courthouses in Dallas and Fort Worth is 32.4 miles with an approximate travel time of 38 minutes.[5] When deciding whether a case should have been transferred from the Southern District of Texas

---

[5] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of this information and other similar information from Maps.com, as it satisfies the standard set forth in the rule.

**Memorandum Opinion and Order - Page 8**

(Houston) to the Eastern District of Texas (Tyler), and whether the district court abused its discretion, the Fifth Circuit concluded:

> This case is not being consigned to the wastelands of Siberia or some remote, distant area of the Continental United States. The minor inconvenience Exxon may suffer in having to litigate this case in Tyler – only 203 miles distant – rather than in Houston, can in no rational way support the notion of abuse of discretion.

*Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). If a distance of 203 miles is considered to be a "minor inconvenience," this court cannot fathom how requiring the parties and witnesses to travel *fewer* miles to Dallas for trial, rather than Fort Worth, would in any way be an abuse of discretion. On the other hand, if American were seeking a transfer to Fort Worth from Lubbock, Texas (Lubbock Division), which, according to Maps.com, is 314.4 miles from Fort Worth with a travel time of 5.9 hours, the court would view the matter in a totally different light.

For the reasons stated herein, American has not met its burden and established that a transfer to the Forth Worth Division is warranted. Accordingly, the court **denies** Defendant's Motion to Transfer Venue for the Convenience of Parties and Witnesses.

**It is so ordered** this 31st ay of August.

Sam A. Lindsay
United States District Judge